**UNITED STATES of America**

**v.**

**H. Alan BUTT and James T. Semon.**

**Crim. No. 90–10067–Y.**

United States District Court,
D. Massachusetts.

Dec. 27, 1990.

Robert F. Collins, Braintree, Mass.

Gael Mahony, Hill & Barlow, Boston, Mass.

Ralph Gants, Timothy Feely, Asst. U.S. Attys., Boston, Mass.

Boston Globe (intervenors), E. Susan Garsh, Joanne D'Alcomo, Tory A. Weigand, Bingham, Dana & Gould, Boston, Mass.

YOUNG, District Judge.

This memorandum addresses the issue of a District Judge's right, in the wake of *In re Globe Newspaper Company,* 920 F.2d 88 (1st Cir.1990), to postpone disclosure of juror identities for one week to protect juror privacy, without making any particularized findings. Believing that I continue to have the power to impose such a brief delay of disclosure as a general matter and without making any particularized findings under § 10(c) of the District of Massachusetts Plan for Random Selection of Jurors, an appropriate deference to the controlling law as declared by the Court of Appeals for the First Circuit requires a brief explanation of my position.

**I. *Factual Background.***

On December 20, 1990, after one and one-half days of deliberation, the jury returned guilty verdicts on each of eight counts charging two police lieutenants in the Malden Police Department with various acts of extortion, racketeering, conspiracy, and perjury.

**A. The Trial.**

The verdicts followed a three and one-half week trial in which—given allegations that certain prostitutes in Malden were paying off these police officers—various evidence was received concerning sexual matters, including what one might consider off-beat sexual practices. Indeed, one of the government's chief witnesses, having been given use immunity in order to compel her testimony, was extensively cross examined concerning the fact that she continues to be, and is at present, engaged in prostitution.[1] The verdicts were delivered to a courtroom filled with spectators. As the verdicts were recorded, certain members of the defendants' families broke down and sobbed and there were various groans and one expostulation from the spectators. At

---

1. To its credit, the news media has in no way sensationalized this serious criminal proceeding. News reports in the Boston Globe, the Boston Herald, the Lowell Sun, and the Malden Daily News appear to be relatively straightforward accounts of the proceedings in the courtroom.

all times, however, the proceedings themselves were orderly and appropriate.

Together with their verdict, the jurors delivered a hand written note requesting leniency for the defendants and affirmed that this was their unanimous view on the record.[2]

### B. The Aftermath.

The verdict was received at approximately 2:15 PM. Later that afternoon, Ms. Elizabeth Neuffer, a reporter for the Boston Globe, requested the list of the jurors' names and addresses from the Jury Commissioner for this District. She was referred to Katherine Myrick, Esq., Courtroom Deputy Clerk in this session, who, after consultation with Ms. Elizabeth Smith, Docket Clerk in this session, confirmed that it was the policy of this Court not to disclose juror names or addresses for a period of seven days following a verdict. In taking this position, Ms. Myrick and Ms. Smith were acting pursuant to the direction of this Court, arrived at after one of our weekly staff luncheons at which the decision of the First Circuit in *In re Globe Newspaper Company* was fully discussed and analyzed and I had expressed my view that I was still warranted, as a general matter, in withholding the names and addresses of jurors for a period of seven days for all the reasons I had earlier explained fully in *United States v. Doherty*, 675 F.Supp. 719, 724–25 (D.Mass.1987). While the clerks thus acted with the full approval of this Court, it is important to understand that they were acting pursuant to this Court's general policy, without feeling the need to communicate with me and obviously without my having made any particularized, case-specific findings.

Undaunted, Ms. Neuffer called me at home where I orally explained that, while the Boston Globe had every right to the names and addresses of the jurors upon application after a seven day delay, it was my view, for all the reasons expressed in *United States v. Doherty*, that it was appropriate to delay disclosure for this brief period. There the matter stands.

### II. *Analysis.*

No extended analysis is here required. *In re Globe Newspaper Company* cites *United States v. Doherty* twice—both times favorably. 920 F.2d at 96 and 98. The reasoning I expressed in *United States v. Doherty* thus continues to guide my approach to these matters. To briefly delay the disclosure of juror identities and addresses for a one week period is not, and cannot be construed as, a refusal to supply the press with this information. Such a brief delay is warranted for all the reasons expressed in *United States v. Doherty* and I continue to think it appropriate as a general matter without particularized case-specific findings. As I stated there:

> The values to be promoted by press access to the names and addresses of the jurors are no less advanced seven days after the return of the verdict.... In a case that has received considerable news coverage, where sentencing follows the verdict after a month's interval,[3] and post-trial proceedings are expected, a postponement of one week will not injure the values to be furthered by a searching press inquiry into the lives of jurors. If the newspapers are seriously interested in confirming the jurors' impartiality, considering whether their individual backgrounds affected their view of the proceedings, or investigating the impact of such a lengthy trial upon a juror's life, that data may be sought out with equal ease when the names and addresses of the jurors are disclosed seven days after

---

**2.** In thirteen years of judicial service, I have never before received such a communication together with a guilty verdict.

**3.** Today, of course, in the post sentencing guidelines era, disposition of these charges and the entry of judgment will follow the jury verdict by a minimum of two months, not one. This is necessary in order to afford the Probation Of-

fice an opportunity to prepare a comprehensive and detailed pre-sentence report. At the same time, this enormous delay is disquieting as it tends to detract from the vitality of the solemn expression of the guilt of these defendants as embodied in the jury's verdict. In this case, for example, sentencing could not be set until Thursday, February 21, 1991.

the verdict. At the same time, the seven day hiatus affords each juror the chance—without interruption—to catch up on precious time spent away from family, in the service of society, allows each one to resume his or her normal round of activities, and grants to each juror a short breathing space to reflect on the experience of jury service and, after consultation with family and friends, determine what, if anything, the juror wishes to discuss with the press. Lifting the impoundment order seven days after the return of the verdict thus accommodates all the relevant interests without the necessity of balancing one against the other.

*United States v. Doherty, supra* at 725.

Unfortunately, the conduct of the Globe reporter in this case appears to bear out the observation of Mr. Justice Holmes that "[R]ights tend to declare themselves absolute to their logical extreme." *Hudson Water Co. v. McCarter,* 209 U.S. 349, 355, 28 S.Ct. 529, 531, 52 L.Ed. 828 (1908), quoted in *United States v. Doherty, supra* at 721. Having prevailed against an absolute and perpetual ban for all the right reasons in *In re Globe Newspaper Company,* the Globe reporter unfortunately ignores the admonition of the First Circuit that "[W]e will not lightly second-guess the District Judge's essential role as trial administrator when he or she makes reasonable practical decisions balancing some of the competing considerations discussed herein in light of the realities of the particular case." At 98. For all the reasons expressed herein and in *United States v. Doherty, supra,* the seven day postponement of the disclosure of the jurors' names and addresses is wholly appropriate.

In this case, however, there are additional particularized reasons that warrant a brief delay in disclosing the jurors' names and addresses. While I feel no obligation to make such particularized findings to support what is nothing more than a brief delay in disclosure, in the interest of a full record I will proceed to do so. For the reasons that will appear in the separate portion of this opinion, these findings are impounded.

SO ORDERED.