William H. SULLIVAN, Jr., Plaintiff,

v.

NATIONAL FOOTBALL LEAGUE and Members of the National Football League, Defendants.

Civ. A. No. 92–10592–H.

United States District Court, D. Massachusetts.

Oct. 27, 1993.

Alan R. Hoffman, Lynch, Brewer, Hoffman & Sands, Boston, MA, Joseph V. Cavanagh, Jr., Blish & Cavanagh, Providence, RI, Joseph L. Alioto, Alioto & Alioto, Bruce J. Wecker, Furth, Fahrner and Mason, San Francisco, CA, for plaintiff.

Matthew F. Medeiros, Flanders & Medeiros, Providence, RI, John Vanderstar, Ethan M. Posner, Covington & Burling, Sonya D. Winner, Covington & Burling, Washington, DC, Joseph W. Cotchett, Frank M. Pitre, Susan Illston, John L. Fitzgerald, Cotchett, Illston & Pitre, Burlingame, CA, Robert M. Buchanan, Jr., Sarah C. Columbia, Jeremiah T. O'Sullivan, Choate, Hall & Stewart, Boston, MA, for defendants.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge:

After the jury returned its verdict in the above-entitled case, the News Group Boston, Inc., publisher of the Boston Herald, sought access to the Court's record of the juror names and addresses, which had been available only to counsel during the trial.

It has long been the judgment of this Court that interviews of jurors for the sole purpose of exploiting the content of their deliberations, which have been conducted in secret and in confidence with one another, tend to demean the administration of justice in the public's view and also to inhibit jurors, present and prospective, from voicing their strongly held views during deliberations for fear of their subsequent public disclosure, to the ultimate detriment of the deliberative process. The traditional sanctity of the jury room should not be breached for mere commercial purposes.

However, the United States Court of Appeals for the First Circuit has held contrary to this position in *In re Globe Newspaper Company,* 920 F.2d 88 (1990).

In accordance with the *In re Globe Newspaper Company* opinion, *supra,* this Court seeks to accommodate the interests present here so as to promote the values espoused by the First Amendment, while protecting the general interests of each of the litigants to a fair trial and, at the same time, minimizing the invasion of the legitimate expectations of privacy of a jury that has served the public long and well. This can best be accomplished by lifting the limited access order to reveal the juror's names and addresses ten days after the verdict has been returned.

The values to be promoted by press access to the names and addresses of the jurors are no less advanced ten days after the return of the verdict. In a case that has received considerable news coverage, such a postponement will not injure the values to be furthered by a press inquiry of the jurors. If the newspaper companies are seriously interested in confirming the jurors' impartiality, that information may be sought out with equal ease when the names and addresses of the jurors are disclosed ten days after the verdict. This hiatus affords each juror the chance to resume his or her normal round of activities and grants to each juror time to reflect on the experience of jury service, and, after consultation with family and friends, determine what, if anything, the juror wishes to discuss with the press. Lifting the limited access order ten days after the return of the verdict thus accommodates all the relevant interests involved here.

The Court urges the jurors to reflect that the decision which they unanimously reached related to a very serious matter having national implications and involving one of the nation's most important and popular industries, professional football, which has always struck a resounding chord in the spirit of our country. You should consider that, as jurors, you deliberated as a body in secret and exchanged confidences with one another and that it is in the interest of the administration of justice that the contents of those deliberations remain in confidence.

The Court, therefore, grants the motion of the press to lift the limited access order but with three limitations. In order that the members of the jury might return to their occupations and resume their personal lives, the Court stays the motion to lift the limited access order until November 1, 1993, by which time the jurors will be expected to have received a copy of this Court's Order. The limitations on the lifting of the limited access order are as follows:

1. Any juror may refuse any interview request of him or her.

2. Should a juror indicate that he or she does not wish to be interviewed, no further inquiry or attempt to seek an interview from that juror will be permitted by any news-gathering agency.

3. No interview may take place until November 1, 1993, when each juror shall have received a copy of this Court's Order.

SO ORDERED.