**UNITED STATES of America**

v.

**Gary Lee SAMPSON**

**No. CR.01–10384–MLW.**

United States District Court, D. Massachusetts.

Dec. 23, 2003.

David A. Ruhnke, Ruhnke & Barrett, Montclair, NJ, Robert L. Sheketoff, Attorney At Law, Boston, MA, for Defendant.

Frank M. Gaziano, George W. Vien, John A. Wortmann, Jr., United States Attorney's Office, John Joseph Moakley Federal Courthouse, Boston, MA, for Plaintiff.

*ORDER*

WOLF, District Judge.

The trial of this case is now completed. The court is informed that the Deputy Clerk has received requests from the media for the names of the jurors.

"[A]bsen[t] . . . particularized findings reasonably justifying non-disclosure, the juror names and addresses must be made public." *United States v. Hurley (In re Globe Newspaper Co.)*, 920 F.2d 88, 98 (1st Cir.1990) (citing *United States v. Doherty*, 675 F.Supp. 719 (D.Mass.1987)). As the First Circuit noted in *Hurley*, in *Doherty* the district court held that the "First Amendment requires disclosure of juror identities, but postpon[ed] disclosure for one week to protect juror privacy." *Id.* Thus, following *Hurley*, judges in this Dis-

trict have held that it is permissible to defer releasing the names of jurors to the media in particular, appropriate cases. *See United States v. Butt,* 753 F.Supp. 44 (D.Mass.1990) (postponing disclosure for seven days); *Sullivan v. Nat'l Football League,* 839 F.Supp. 6, 7 (D.Mass.1993) (postponing disclosure for ten days); *see also United States v. Espy,* 31 F.Supp.2d 1, 2–3 (D.D.C.1998) (postponing disclosure for seven days).

In the instant case, the jurors today returned verdicts that require that defendant Gary Sampson be sentenced to death. These verdicts came after seven weeks of a trial that involved inherently gruesome evidence of three murders and poignant testimony about Sampson's victims. The jury deliberated during three days.

The extraordinary stress on jurors in capital cases has been recently recognized. *See, e.g.,* "For Jurors, Stress of Capital Case Can Linger," *Washington Post,* Nov. 21, 2003, at A01 ("Nightmares are not uncommon for jurors who sit through particularly gory jury trials, symptoms of a kind of post-jury stress syndrome."); "The Trial After the Trial," *N.Y. Times Magazine,* Dec. 21, 2003, at 74 (a juror writes: "I'm still not sleeping. I dream about the people that I sort of came to know: the victims."). When consulted briefly following the return of their verdicts, the jurors asked that the court defer releasing their names to the media in order to provide them an opportunity to reflect on their experience, to resume their normal activities, and to experience the Christmas holiday without intrusion.

The court recognizes that as a Federal Death Penalty Act prosecution in a state whose laws do not provide for capital punishment, this case is one of significant public interest. However, the personal and privacy interests of the jurors called upon

to discharge the duty of deciding if another human being should live or die are also important and deserving of respect. *Cf. Hurley,* 920 F.2d at 93 ("[T]he jurors themselves have an interest in having their privacy protected."). In the unique circumstances of this case, the court concludes that these competing, compelling interests are most appropriately reconciled by deferring the release of the jurors' identities for seven days.

Accordingly, it is hereby ORDERED that the names and addresses of the jurors shall be released to the media on December 30, 2003, at 9:30 a.m.